IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**

07/06/2026

**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

WILLIAM MUIRURI,                                          )
                                                         )
                              Petitioner,                )
        v.                                               )        Case No. 26-3125-JWL
                                                         )
TODD LYONS, Acting Director, ICE;                        )
Field Office Director, ICE ERO Kansas City; and          )
Warden, Midwest Regional Reception Center,               )
                                                         )
                              Respondents.               )
                                                         )
_____             )

## ORDER OF DISMISSAL

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenged his detention by immigration officials. Petitioner claimed that his detention without a bond hearing or custody determination violated due process, and he sought release or a bond hearing. On June 4, 2026, petitioner was released from detention subject to an order of supervision (OSUP), and the Court subsequently ordered petitioner to show cause why the case should not be dismissed as moot because of that release. Petitioner has responded, arguing that the case is not moot because his claims have not been adjudicated and he is subject to terms of supervision, which restrictions may be traced to the custody challenged.

The Court concludes, however, that the case is indeed moot. In his petition, petitioner sought his release or, alternatively, a bond hearing, and he has now received the relief requested, which makes the petition moot. He argues that he is still subject to restrictions, but he did not seek release free from all supervision. Moreover, petitioner has

not shown that such terms of supervision violate due process.  Indeed, if this Court had concluded that petitioner's detention was unlawful and ordered his release, it would have ordered that release subject to supervision, as petitioner is still subject to an enforceable removal order.  *See, e.g., Chen v. Carter*, 2026 WL 890227, at *3 (D. Kan. Apr. 1, 2026) (Lungstrum, J.) (citing *Zadvydas v. Davis*, 533 U.S. 678, 700 (2001)) (ordering release subject to appropriate terms of supervision as remedy for unreasonably indefinite detention).  The Court thus concludes that the petition is now moot, and it dismisses the case accordingly.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **dismissed as moot**.

IT IS SO ORDERED.

Dated this 6th day of July, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

2